UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHERRI STOREY,<br><br>    Plaintiff,<br><br>    v.<br><br>MARIN COUNTY SHERIFF DEPARTMENT,<br><br>    Defendant. | Case No. 22-cv-03939-AGT<br><br>**SCREENING ORDER** |

Having granted Sherri Storey's application to proceed in forma pauperis, the undersigned now screens her complaint under 28 U.S.C. § 1915(e)(2)(B).

Storey seeks a writ of mandamus. The writ would require the Marin County Sheriff's Department to report to the FBI that Steve A. Frankel is possibly the Zodiac serial killer and has mentally and physically harmed Storey. *See* Dkt. 1 ¶¶ 6–8, 49–50; Dkt. 1-1 at 1. The writ would also require the U.S. Department of Justice to investigate and prosecute Frankel. *See* Dkt. 6 ¶¶ 1–7, 19–20, 27, 38–39.

The Court cannot grant the relief that Storey seeks. First, a "district court lack[s] jurisdiction to grant mandamus relief against state officers." *Reiner v. California*, 612 F. App'x 473, 474 (9th Cir. 2015). For this reason, the Court cannot issue a writ to compel Marin County to contact the FBI. *See also Taylor v. Cal. Dep't of Just.*, No. C 08-04776 CW, 2009 WL 1814421, at *1 (N.D. Cal. June 23, 2009) ("Federal courts are without power to issue mandamus to direct state courts, state judicial officers, or other state officials in the performance of their duties.").

Second, a district court cannot compel federal prosecutors to investigate or prosecute a particular person. "[P]rivate parties . . . have no legally cognizable interest in the prosecutorial decisions of the Federal Government." *Maine v. Taylor*,

477 U.S. 131, 137 (1986). Also, "initiating an investigation or a prosecution is a function of governmental discretion . . . ." *Goel v. United States*, No. 07–2609 (MLC), 2008 WL 2354948, *2 (D.N.J. June 3, 2008). And a district court can issue a writ of mandamus to compel a federal official to perform a duty "only if," among other things, "the official's duty is nondiscretionary [and] ministerial." *Kildare v. Saenz*, 325 F.3d 1078, 1084 (9th Cir. 2003) (simplified).

The relief that Storey seeks is unavailable as a matter of law. Storey may file an amended complaint by July 29, 2022. But if she doesn't, or if her amended complaint doesn't state a viable claim for relief, the undersigned will recommend that a district judge dismiss her case. All deadlines in this case are vacated and the Clerk of the Court is instructed not to issue a summons or to serve Storey's complaint.

**IT IS SO ORDERED.**

Dated: July 15, 2022

_____
Alex G. Tse
United States Magistrate Judge